UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA, )
        Plaintiff, )
        v. )
BOLIVAR COUNTY, )
        Defendant. )

Civil Action No. 4:15-CV-165-DMB-JMV

## CONSENT DECREE

### I. Background

1. This Consent Decree resolves a civil action brought by Plaintiff United States against Defendant, Bolivar County, to enforce the provisions of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12117, and its implementing regulation, 29 C.F.R. Part 1630.

2. In its Complaint, the United States alleges that Bolivar County discriminated against Tommey Gomillia in violation of 42 U.S.C. § 12112 and 29 C.F.R. §§ 1630.2, 1630.4, 1630.10, and 1630.14 by terminating Mr. Gomillia from his job as a correctional officer at Bolivar County Regional Correctional Facility ("BCRCF") on the basis of a perceived disability, after Mr. Gomillia disclosed during a post-hire physical examination that he was previously diabetic.

3. This matter was initiated by a charge filed by Mr. Gomillia (Charge No. 846-2012-00919) with the Equal Employment Opportunity Commission ("EEOC"). The EEOC

1

investigated the charge and found reasonable cause to believe that the allegations of discrimination on the basis of disability were true. After the EEOC's attempts at conciliation failed, the EEOC referred the charge to the United States Department of Justice ("the Department").

4. Bolivar County has denied, defended, and disputed the allegations and claims contained in EEOC Charge No. 846-2012-00919 and this action.

5. The United States and Bolivar County (collectively "the parties") agree that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the United States' Complaint.

Accordingly, the parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS**, and **ORDERS** the following:

## II. Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 2000e-6, and 28 U.S.C. §§ 1331 and 1345. The parties agree that venue is appropriate pursuant to 28 U.S.C. § 1391.

7. The United States has authority to initiate legal proceedings to enforce Title I of the ADA through litigation. 42 U.S.C. § 12117(a).

8. Bolivar County is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

### III. Injunctive Relief

9. Bolivar County, by and through its officials, agents, employees, and all persons in active concert or participation with Bolivar County in the performance of employment or personnel functions, shall not engage in any act or practice that discriminates against any employee or applicant for employment on the basis of disability in violation of Title I of the ADA.

10. Bolivar County shall provide training on Title I of the ADA, including Bolivar County's responsibilities with respect to employee accommodations, to all current BCRCF supervisory employees, as well as BCRCF employees who participate in making personnel decisions (collectively, "supervisors"), within forty-five (45) days of the entry of this Consent Decree; and to all new BCRCF supervisors, who are hired or promoted to a supervisory position during the term of this Consent Decree, within seven (7) days of the start of their position with BCRCF. The initial training shall be conducted in person by trainers that Bolivar County has selected and the Department has approved. The initial training may be videotaped for use at subsequent trainings. After Bolivar County has completed the training for current BCRCF supervisors, as required by this paragraph, Bolivar County shall provide a written report to the Department regarding its compliance with the training requirement, including copies of attendance logs reflecting the date(s) of the training(s) and names and job titles of BCRCF employees who attended the training(s).

11. Six (6) months after the effective date of this Consent Decree, and every six (6) months

thereafter during the term of this Consent Decree, Bolivar County shall provide a written report ("Report") to the United States regarding its efforts to comply with this Consent Decree. The Report shall include, for the preceding six-month period:

(a) A specific acknowledgment that Bolivar County has, for the instant reporting period, complied with the training requirements set forth in paragraph 10 above.

(b) Notification regarding any request for reasonable accommodation made by any BCRCF employee, and a description of how Bolivar County responded to the request. Such notice will include, at a minimum, a description of the nature of the request, the name of the individual making the request, and all documentation possessed by Bolivar County relevant to its response to the request.

(c) Notification regarding any lawsuit, written complaint, charge, or grievance alleging that Bolivar County has violated Title I of the ADA. Such notice will include, at a minimum, a description of the nature of the allegation, the name of the individual making the allegation, and all documentation in the possession, custody, or control of Bolivar County relevant to the allegation. The first Report filed with the United States under this Consent Decree shall include all ADA Title I lawsuits, and all written complaints, charges, or grievances of which Bolivar County is aware and that are pending or otherwise unresolved at the time the first Report is made. All subsequent reports shall include notice of all ADA Title I lawsuits, written complaints, charges, or grievances made subsequent to the immediately previous Report, as well as those ADA Title I lawsuits, written complaints, charges, or grievances reported in previous Reports that remain pending.

### IV. Individual Relief

12. Bolivar County shall offer to Mr. Gomillia:

    a. Within one (1) year of the effective date of this Consent Decree, the first available position of Correctional Officer at BCRCF, with a remedial seniority date of September 6, 2011, subject to passing all physical and/or other applicable pre-employment requirements. Bolivar County shall apply the remedial seniority date of September 6, 2011 to salary increases (such that Mr. Gomillia will be instated at the salary he would have been entitled to had he been employed since the remedial seniority date), all non-competitive job benefits that are based on time served in the position, and competitive seniority status for all purposes.

    b. Adjustment of Mr. Gomillia's retirement date, with all associated rights and benefits, to reflect no lost time between September 2011 and the date of his reinstatement under paragraph 12(a).

    c. Within thirty (30) days of the effective date of this Consent Decree, a total monetary award of $99,999.99, which includes:

        i. A monetary award in the gross amount of $47,072.00, which will be designated as back pay. This monetary amount shall be subject to any applicable federal, state, and local taxes, in addition to other payroll tax withholding deductions, and Bolivar County shall issue an IRS Form W-2 to Mr. Gomillia for this amount.

        ii. A monetary award of $3,363.95, which will be designated as accumulated interest on the back pay. This amount shall not be subject to withholding

5

deductions, and Bolivar County shall issue an IRS Form 1099-INT to Mr. Gomillia for this amount.

  iii. A monetary award of $49,564.04, which will be designated as compensatory damages. This amount shall not be subject to withholding deductions, and Bolivar County shall issue an IRS Form 1099 to Mr. Gomillia for this amount.

13. Within thirty (30) days of the effective date of this Consent Decree, Bolivar County shall send to Mr. Gomillia a copy of this signed Consent Decree, along with a letter and Release of Claims Form (attached as Exhibits 1 and 2 respectively). In order to accept the relief offered by Bolivar County, Mr. Gomillia must execute and return the Release of Claims Form (Exhibit 2) to Bolivar County within thirty (30) days of his receipt of Bolivar County's letter (Exhibit 1).

14. Bolivar County shall send the United States a copy of Exhibits 1 and 2 when they are sent to Mr. Gomillia.

15. If Mr. Gomillia accepts Bolivar County's relief offer outlined in paragraph 12 above, Bolivar County shall pay the monetary sum within fifteen (15) days of receipt of his signed Release of Claims Form.

### V. Implementation and Enforcement

16. Failure by the United States to enforce any provision of this Consent Decree shall not be construed as a waiver of the United States' right to enforce any provisions of this Decree.

17. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

18. The United States may review compliance with this Consent Decree at any time. If the United States believes that this Consent Decree or any portion of it has been violated, it will raise its concerns with Bolivar County and the parties will attempt to resolve those concerns in good faith. The United States will give Bolivar County thirty (30) days from the date it notifies Bolivar County of any breach of this Consent Decree to cure that breach before filing a motion for contempt or taking any other enforcement action.

19. With regard to any of the deadlines specified in this Consent Decree, if a party cannot meet the deadline specified, that party shall notify the other party at least ten (10) business days before the deadline, of the party's inability to meet the deadline and the reason(s) why, and shall request an extension of time to a specific date. The other party shall not unreasonably withhold consent to a request for an extension of time made in good faith.

20. This Consent Decree shall be binding upon Bolivar County, its agents, and employees.

21. A signatory to this document in a representative capacity for Bolivar County represents that he is authorized to bind Bolivar County to this Consent Decree.

22. This Consent Decree constitutes the entire agreement between the United States and Bolivar County on the matters raised herein and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Consent Decree, including its attachments, shall be enforceable.

23. This Consent Decree is not intended to remedy any other potential violations of the ADA or any other law that is not specifically addressed in this Consent Decree.

24. This Consent Decree does not affect Bolivar County's continuing responsibility to

comply with all aspects of the ADA.

25. A copy of this Consent Decree or any information contained herein may be made available to any person, and Bolivar County shall provide a copy of this Consent Decree to any person upon request.

26. The parties agree that as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in paragraphs 1-3. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in paragraphs 1-3, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves either party of any other obligations imposed by this Consent Decree.

27. The effective date of this Consent Decree is the date the Court enters the Decree.

28. The duration of this Consent Decree will be three (3) years from the effective date.

## VI. Jurisdiction of the Court

29. The Court shall retain jurisdiction over this Decree for the purpose of resolving any disputes or entering any orders that may be necessary to implement the relief provided in the Decree.

IT is so **ORDERED**, this 7th day of January, 2016.

_____ DEBRA M. BROWN
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

/s/ James McBride
James McBride, President
Bolivar County Board of Supervisors

November 16, 2015
Date

/s/ Ellis Turnage
Ellis Turnage,
Legal Counsel for Bolivar County

November 16, 2015
Date

Vanita Gupta
Principal Deputy
Assistant Attorney General

Eve L. Hill
Deputy Assistant Attorney General
Civil Rights Division

Rebecca B. Bond, Chief

/s/ Dov Lutzker
Sheila M. Foran, Special Legal Counsel
Amanda Maisels, Deputy Chief
Dov Lutzker, Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 305-1613

November 17, 2015

Date

Felicia C. Adams
United States Attorney
Northern District of Mississippi

/s/ Ralph M. Dean
Ralph M. Dean, MSB 6010
Chief, Civil Division
Assistant United States Attorney
Northern District of Mississippi
900 Jefferson Avenue
Oxford, MS 38655
Telephone: (662) 234-3351
Facsimile: (662) 234-3318
Ralph.Dean@usdoj.gov

November 17, 2015
Date