**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **V.** | **NO. 4:15-CV-165-DMB-JMV** |
| **BOLIVAR COUNTY** | **DEFENDANT** |

## ORDER

Before the Court are two motions: (1) "Plaintiff's Motion for Post-Judgment Interest," Doc. #18; and (2) "Defendant's Motion for Extension of Time to Pay Settlement Funds," Doc. #24.

## I
## Background

On November 17, 2015, the United States of America filed a complaint in this Court against Bolivar County, seeking declaratory, equitable, and monetary relief. On March 17, 2016, this Court entered a consent decree ("Consent Decree"), agreed to by the parties, terminating this action. Doc. #10. On May 4, 2016, Bolivar County filed a motion for declaratory judgment seeking "declaratory relief adjudicating, construing and interpreting whether the phrase a 'total monetary award of $99,999.99' in Section IV <u>Individual Relief</u> Section 12 (a)-(c) of the Consent Decree (Doc. 10) entered by the Court on March 17, 2016, requires Bolivar County to pay $8,371.14, above the agreed upon amount," relative to "the dispute concerning the payment of $8,371.14 to the Public Employees Retirement System on behalf of Tommey Gomillia."

On December 22, 2016, the United States filed "Plaintiff's Motion for Post-Judgment Interest," asking the Court to "order Bolivar County to pay Mr. Gomillia post-judgment interest on the total monetary award of $99,999.99 in accordance with 28 U.S.C. § 1961." Doc. #18. In the motion, the United States argues that "Gomillia is entitled, as a matter of law, to post-judgment interest pursuant to 28 U.S.C. § 1961" and, in that regard, "Gomillia is entitled to an award of post-

judgment interest from March 17, 2016, the date of this Court's entry of the consent decree, to the date Defendant pays Mr. Gomillia the monetary award described in paragraph 12.c. of the consent decree." *Id.* at ¶¶ 2–3. Bolivar County filed an opposition to the motion on December 28, 2016, arguing that (1) "the motion was not filed within ten (10) days [of the Consent Decree] under Fed. R. Civ. P. 59(a);" (2) "Gomillia never provided defendant a signed Release of Claim Form under the provisions of paragraph 15 of the Consent Decree;" and (3) in April and May of 2016, the County had tendered the $88,645.74 to the United States on Gomillia's behalf, without prejudice, indicating it would pay the remaining amount of $8,371.14 if the Court ruled in the United States' favor on the motion for declaratory judgment. Doc. #22 at ¶¶ 1–3.

On December 28, 2016, after consideration of the parties' submissions on Bolivar County's motion for declaratory judgment, this Court issued a memorandum opinion and order holding, among other things, that "because the Consent Decree's clear language requires that Bolivar County pay the PERS employer contributions, the County's request for an interpretation declaring the contrary must be denied." Doc. #23 at 8. The Court noted that "[t]he United States' pending motion for post-judgment interest will be addressed by separate order after full briefing." *Id.* at 9 n.8.

Three days later, on December 31, 2016, Bolivar County filed "Defendant's Motion for Extension of Time to Pay Settlement Funds," requesting "additional time to and including January 5, 2017" to pay the settlement funds in accordance with the Consent Decree and the Court's December 28 order.[1] Doc. #24. On January 3, 2017, though not yet responding to Bolivar County's extension request,[2] the United States e-mailed the Court a proposed order signed by its counsel and Bolivar

---

[1] As the Court noted in its December 28 order, the County represented during a December 27 status conference that it was prepared to promptly pay the $88,645.74 and, if ordered by the Court, also the $8,371.14, before the year's end. Based on the County's instant motion for an extension, apparently that was not the case.

[2] The County represented in its motion that its counsel asked the United States' counsel by e-mail on December 31 if the United States opposed the requested extension but that it had not yet received a response and would notify the Court when it did. No notification from any party has been received by the Court to date.

County's counsel indicating the parties' agreement that (1) "Gomillia is entitled, as a matter of law, to post-judgment interest pursuant to 28 U.S.C. § 1961;" (2) "Gomillia is entitled to an award of post-judgment interest from March 17, 2016, the date of this Court's entry of the consent decree, to the date Defendant pays Mr. Gomillia the monetary award described in paragraph 12.c. of the consent decree;" and (3) "Bolivar County also agrees that it will pay all of the accumulated interest on the employee contribution to PERS and will not charge Mr. Gomillia for that amount or deduct that amount from the monetary award agreed upon in the consent decree."[3]

## II
## Discussion

### A. Post-Judgment Interest

28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Such "post[-]judgment interest properly runs from the date of the entry of judgment." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). A consent decree is a final judgment. *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 391 (1992). Thus, consistent with the parties' agreement regarding the issue of post-judgment interest, including that post-judgment interest be awarded from the date of the Consent Decree's entry, the Court finds that the United States' motion for post-judgment interest should be granted. In light of the parties' agreement that Bolivar County will pay all of the accumulated interest on the employee contribution to PERS and will not charge Gomillia for that amount or deduct such from the monetary award agreed upon in the Consent Decree, the Court finds such should also be ordered.

### B. Extension Request

The Court further finds that Bolivar County's extension request should be granted. While the Court has not yet been advised of the United States' position on the motion, the Court presumes that

---

[3] The United States cites Miss. Code Ann. § 25-11-123(f)(6) in this regard for the proposition that "[t]he employer may, in its discretion, elect to pay any or all of the interest on delinquent employee contributions."

the United States would not object to the extension given that the funds have not yet been paid, the extension requested is a short one, and the United States has not indicated any opposition as of today, to the requested extension date.

## III
## Conclusion

For the reasons above, the United States' motion for post-judgment interest [18] and Bolivar County's motion for extension [24] are **GRANTED**. Accordingly:

1. Gomillia is awarded post-judgment interest from March 17, 2016, the date of this Court's entry of the Consent Decree, to the date Bolivar County pays the monetary award described in accordance with the Consent Decree, the Court's December 28 order, and this order. Bolivar County is to pay all of the accumulated interest on the employee contribution to PERS and will not charge Gomillia for that amount or deduct that amount from such monetary award.

2. Bolivar County has through and until January 5, 2017, to pay the settlement funds in accordance with the Consent Decree, the Court's December 28 order, and this order.

**SO ORDERED**, this 5th day of January, 2017.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**